**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| STEVEN PATRICK PENDERGRASS,<br><br>  Plaintiff,<br><br>v.<br><br>THOMAS E. ROBINS, *Washington County Public Defender; Assist. Public Defender, et al.*,<br><br>  Defendants. | Civil Action No.:  BAH-25-0775 |

**MEMORANDUM OPINION**

Plaintiff Steven Patrick Pendergrass, who is currently incarcerated at the Washington County Detention Center, brings a claim pursuant to 42 U.S.C. § 1983 for alleged misconduct in regard to criminal proceedings in the Circuit Court for Washington County, Maryland. ECF 1. Pendergrass has also filed two motions to proceed *in forma pauperis*. ECFs 2 and 11. Additionally, Pendergrass has filed five supplements to the complaint. *See* ECFs 4, 5, 6, 12, and 13. Pendergrass seeks relief in the form of monetary damages and dismissal of his state criminal cases. ECF 1, at 5.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this court to conduct an initial screening of this complaint and to dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721 (2020).

The Court recognizes its obligation to liberally construe the pleadings of self-represented litigants such as Pendergrass. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro*

*se* complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007)). Liberal construction does not mean, however, that the Court can ignore a clear failure in the pleading to allege a cognizable claim. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

Pendergrass's complaint alleges various irregularities related to pending criminal cases in the Circuit Court for Washington County. *See generally* ECF 1. In his complaint and supplements to the complaint, Pendergrass names as defendants Thomas E. Robins, Washington County Public Defender; Amy Taylor and Cindy Collins, both Washington County prosecutors with the State's Attorney's Office; Dana Moylan Wright, Washington County Judge; Marie Z. Pauler, Circuit Court Judge; and the "[w]hole" Washington County State's Attorney's Office.[1] *See id.*; *see also* ECFs 6-2 and 10. Pendergrass references the following criminal cases: *State v. Pendergrass*, C-21-CR-24-00590 (Cir. Ct. Wash. Co.); State v. *Pendergrass*, C-21-CR-24-00592 (Cir. Ct. Wash. Co.); *State v. Pendergrass*, C-21-CR-24-00593 (Cir. Ct. Wash. Co.).[2] *See* ECFs 4 and 4-1. Pendergrass raises multiple claims related to these suits, including allegations of judicial and prosecutorial misconduct and ineffective assistance of counsel.

---

[1] Pendergrass's Fourth Supplement to the Complaint requests to add additional defendants, "Ms. Burch" and Michael Joseph. ECF 7 at 1. Ms. Burch is identified as a prosecutor who "lied about being in court." *Id.* Michael Joseph is not identified, but Pendergrass may have intended to add an associate judge of the Washington County Circuit Court with a similar name. Regardless, for the same reasons discussed in this memorandum, Pendergrass has not stated a claim that may proceed against these additional parties and they will not be added to this action.

[2] *See* https://casesearch.courts.state.md.us/casesearch/ (last viewed June 30, 2025). At any stage of the proceeding, a court may take judicial notice of a fact "that is not subject to reasonable dispute" if it "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R Evid. 201(b)(2).

Specifically, Pendergrass alleges that Defendant Taylor committed "prosecutorial misconduct" by, *inter alia*, excluding exculpatory evidence from discovery and by "allowing another [assistant] state attorney" to appear in Circuit Court. ECF 1, at 4. Pendergrass further alleges that his defense attorney, Defendant Robins, committed professional misconduct by "fail[ing] to object to [Taylor] lying about the facts of [Pendergrass's] cases." *Id.* at 5. Pendergrass contends that Defendant Judge Wright committed judicial misconduct when she "would not allow [Pendergrass] to fire [his] attorney for violating [his] speedy trial rights." *Id.*

In his first supplement to the complaint, Pendergrass elaborates on these allegations . *See* ECF 4. In these filings, he includes a statement that purports to be from a victim in one of the charged offenses and attests that the victim both recanted her testimony and relayed the recantation to Defendant Collins and to police officers. ECF 4-2, at 1. Pendergrass's additional supplements to the complaint include copies of court papers that he appears to have filed in state court related to his criminal cases (*see generally* ECFs 5, 6, and 13); a grievance he filed regarding an assault he alleges he suffered while at the Washington County Detention Center (*see* ECF 6-1); and additional allegations pertaining to the action of prosecutors in state court proceedings (*see* ECF 12).

Plaintiff may not bring these claims against the Defendants he names. Assistant State's Attorneys are criminal prosecutors who have absolute immunity from claims for damages, including claims under section 1983, arising from the performance of prosecutorial functions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 422–24, 430 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 125 (1997). Courts use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase,'" which focuses on the "nature of the function performed without regard to the

3

identity of the actor who performed it, the harm that the conduct may have caused, or even the question whether it was lawful." *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018) (citations omitted). Actions closely associated with the judicial phase of the criminal process include the "initiation and conduct of a prosecution." *Burns v. Reed*, 500 U.S. 478, 479 (1991). Such actions include professionally evaluating evidence assembled by the police, deciding to seek an arrest warrant, preparing and filing charging documents, participating in a probable cause hearing, and presenting evidence at trial. *Nero*, 890 F.3d at 118.

Here, Pendergrass's claims against all state prosecutors relate to the manner in which the criminal prosecution against Pendergrass was conducted. While Pendergrass may, if he has not already done so, pursue his allegations of prosecutorial misconduct as part of a challenge to his conviction, which must begin with a direct appeal or a petition for post-conviction relief filed in the state court, this federal civil action for damages against the prosecutors must be dismissed under the doctrine of prosecutorial immunity. *See* 28 U.S.C. § 1915A(b)(2). Claims against Amy Taylor, Cindy Collins, and the entire Washington County States Attorney's Office are therefore dismissed.

The Court next turns to Pendergrass's allegation that Defendant Robins provided ineffective assistance of counsel as the assistant public defender in Pendergrass's case. The applicable federal law in this matter is 42 U.S.C. § 1983, which allows suits against any "person" acting under color of state law who subjects the claimant to "the deprivation of any rights, privileges, or immunities secured by the Constitution" or federal law. As the statute states, essential to sustaining an action under §1983 are the presence of two elements: (1) that the plaintiff suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws"

of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Assistant Public Defender Robins is not a state actor. Public defenders do not act under "color of state law" when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cty v. Dodson*, 454 U.S. 312, 453–54 (1981). This is because the "public defender is not acting on behalf of the State; he is the State's adversary." *Id.* at 323, n.13; *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."). As he is not a state actor, Robins is not a proper defendant for a section 1983 civil rights action. "The color of law requirement excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted)). Plaintiff's claims against Robins are dismissed.

The remaining named defendants are state court judges Dana Moylan Wright and Marie Z. Pauler. Fisher's claim seeking damages may not proceed against Defendants Wright and Pauler, as they are entitled to absolute judicial immunity for decisions made in their capacity as judges. *See Foster v. Fisher*, 694 F. App'x 887, 888 (4th Cir. 2017) (per curiam) ("Judges are absolutely immune from suit for a deprivation of civil rights [under 42 U.S.C. § 1983] for actions taken within their jurisdiction.") (alteration and quotation omitted); *see also Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."). Pendergrass does not claim that Judge Wright or

Judge Pauler took any action outside of their judicial capacity. Accordingly, the Court determines that his claims against them are barred by judicial immunity and will be dismissed.

Similarly, as discussed above, to the extent that Pendergrass is seeking an order from this Court directing Judge Wright or Judge Pauler to dismiss criminal charges, such relief is also unavailable in this action. As the Fourth Circuit has noted, "[t]his court does not have jurisdiction to grant mandamus relief against state officials, . . . and does not have jurisdiction to review state court orders." *In re Chappell*, 63 F. App'x 658, 659 (4th Cir. 2003) (citing *Gurley*, 411 F.2d at 587, and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)).

As Pendergrass has failed to state any federal claims for relief, this action will be dismissed. A separate Order follows.

Date: July 1, 2025                                    /s/
                                              Brendan A. Hurson
                                              United States District Judge